1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11   MESHA ARSHAZ DEAN,                    Case No. CV 15-02971 BRO (RAO)

12                  Petitioner,

13         v.                              MEMORANDUM AND ORDER
                                           DISMISSING PETITION WITHOUT
14   D.K. JOHNSON,                         PREJUDICE

15                  Respondent.

16

17              I.      **INTRODUCTION**

18         On April 22, 2015, Petitioner Mesha Arshaz Dean ("Petitioner"), a California

19   state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a

20   Person in State Custody.  (ECF No. 1.)

21         On February 2, 2016, the Magistrate Judge issued a Report and

22   Recommendation, recommending that Respondent's Motion to Dismiss the Petition

23   be granted and Petitioner's request for a *Rhines* stay be denied.  (ECF No. 23.)  On

24   March 1, 2016, the Court accepted the Report and Recommendation and ordered

25   Petitioner to either: (a) elect to proceed on her exhausted claims by filing a "Notice

26   of Petitioner's Election to Proceed on only her Exhausted Claims and Consent to

27   Striking Unexhausted Claims;" or (b) elect to return to state court to exhaust her

28   unexhausted claims by filing a consent to dismissal of this action without prejudice.

(ECF No. 24.)

On March 21, 2016, Petitioner responded to the Court's Order by filing an "Answer to the Petition, Consent to Dismissal of this Action (28 U.S.C. § 636) Without Prejudice." (ECF No. 25.) In her response, Petitioner states that she "elects option (b), to exhaust her claims in state court at this time." (*Id.*) The Court construes Petitioner's response as a request to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a).

## II.   <u>DISCUSSION</u>

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff (or petitioner) may dismiss an action voluntarily, without court order, by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Otherwise, an action may not be dismissed except upon a court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2).

Here, Respondent has not filed or served any answer or a motion for summary judgment. Therefore, under Rule 41(a)(1), Petitioner is entitled to dismissal of her action without prejudice and no action is required on the part of the Court. *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (once a plaintiff files a notice of dismissal pursuant to Rule 41(a)(1)(i), "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them"); *see also Perez v. Perez*, Case No. 14-CV-8168-DSF, 2015 WL 1275320, at *1 n.2 (C.D. Cal. Mar. 16, 2015) (finding that Federal Rule of Civil Procedure 41 is applicable in habeas actions).

Petitioner is advised that there is a one-year statute of limitation in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, the limitations period is not tolled under Section 2244(d) while a petition is pending

in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

### III.   ORDER

IT IS THEREFORE ORDERED that Petitioner's "Answer to the Petition, Consent to Dismissal of this Action (28 U.S.C. § 636) Without Prejudice" is GRANTED and that Judgment be entered denying the Petition and dismissing this action without prejudice.

**IT IS HEREBY ORDERED**

Dated: March 23, 2016      _____

HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE

Presented by:

_____

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

3